UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

CRAIG L. DAVIS and
YVONNE M. DAVIS, his wife,

     Plaintiffs,

vs.

WING ENTERPRISES, INC.
d/b/a LITTLE GIANT LADDERS, INC.,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs Craig L. Davis and his wife, Yvonne M. Davis allege the following:

## PARTIES, VENUE, AND JURISDICTION

1.      This is a products liability action relating to the defective design, development, manufacture, testing, marketing, promotion, distribution, and sale of the "Little Giant Ladder." Plaintiff, Craig Davis, purchased a Little Giant Ladder from the Defendant and was seriously injured in the course of using the ladder as a result of its defective design.

2.      The damages alleged in this action are in excess of $75,000.00 and the parties are citizens of different states.  Accordingly, subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

3.      This Court has personal jurisdiction over the Defendant because it availed itself of the consumers and markets in Florida through marketing, solicitation, advertising and the sale of its product at issue in this lawsuit in Florida, thereby engaging in tortious conduct and causing damages to Plaintiffs, consumers of the Defendant's product in Florida.

4.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions and/or misrepresentations giving rise to Plaintiffs' claims occurred in this District.

5.      Plaintiffs Craig and Yvonne Davis reside together in Port Charlotte, Florida.

6.      Defendant Wing Enterprises, Inc. ("Wing") is a Utah corporation with its principal place of business in Springville, Utah.  It does business as "Little Giant Ladder, Inc., which is a registered with the Utah Department of Commerce.

7.      Wing manufactured, marketed, and sold a product, the "Little Giant Ladder," which is the subject of this lawsuit, and sold this ladder to Plaintiff Craig Davis in Florida.

<u>**FACTUAL ALLEGATIONS**</u>

A.  <u>**The Defective Little Giant Ladders.**</u>

8.      Wing manufactures and sells a line of multi-purpose ladders branded as the "Little Giant Ladder System."

9.      The ladders sold by Defendant are professional-grade, multi-use ladders that can be set up in many different positions. Little Giant ladders are probably the most famous ladders in the world.

10.      Defendant touts that a Little Giant ladder is the "strongest, safest, most versatile ladder in the world."

11.      The Little Giant Ladders are sold by Defendant through various retailers and also direct to consumers through its website, www.littlegiantladder.com.  The ladders are marketed specifically to "do-it-yourselfers and professionals."

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

12.     In 2017, among the various Little Giant Ladders sold by Defendant was the Little Giant Velocity™, LT™ and Liberty™ ladders.  These ladders came in various sizes, but all had joints that allowed them to bend and lock in various positions.

13.     On March 23, 2017, the United States Consumer Product Safety Commission ("CPSC") issued a recall of approximately 37,000 of the Little Giant Velocity™, LT™ and Liberty™ ladders.  It had determined that the locking pins/rung fasteners on these ladders caused the ladders to fail, posing a fall hazard to consumers standing on the ladder.

14.     The following Little Giant Ladders were subject to the CPSC recall:

| **Little Giant Velocity** | **Part Number** | **Little Giant LT** | **Part Number** |
|---|---|---|---|
| Model 13 | 15413-001 | Model 13 | 14313-001 |
| Model 13 | 15413-025 | Model 17 | 14317-001 |
| Model 17 | 15417-001 | Model 17 | 14317-303 |
| Model 17 | 15417-161 | Model 22 | 14322-001 |
| Model 22 | 15422-001 | | |
| Model 22 | 15422-014 | **Little Giant Liberty** | |
| Model 26 | 15426-001 | Model 17 | 14717-139 |

15.     The CPSC instructed that consumers should immediately stop using recalled ladders and contact Wing for a repair kit.

16.     Additionally, following the recall by the CPSC, Defendant was barred by federal law from selling the ladders subject to the recall.

**B.  Mr. Davis's Injury.**

17.     On September 27, 2018, Mr. Craig Davis went on the internet and visited www.littlegiantladder.com.     He reviewed the products available there and the Defendant's

representations and advertisements about those products and chose to purchase a "Velocity-Model 22," SKU 15422-001, at the price of $199.99.

18.     The ladder Mr. Davis purchased from Defendant was delivered via FedEx to Mr. Davis's home in Florida approximately a week after his purchase.  The ladder he received was a Velocity-Model 22, SKU 15422-001, with the date code 11262P stamped on the outer rail (the "Davis Ladder").  Following delivery, Mr. Davis stored the Davis Ladder in his garage.

19.     Unbeknownst to Mr. Davis, the Davis Ladder that Defendant sent him was among the Little Giant Ladders recalled on March 23, 2017, more than a year earlier.  Notwithstanding the CPSC recall, Defendant was continuing to sell and ship these ladders to consumers through its website in violation of federal law.

20.     On December 11, 2018, Mr. Davis set out to decorate the exterior of his home with Christmas lights.  To climb onto his roof, he took the Davis Ladder out of the garage.  Mr. Davis had not used the Davis Ladder before this date.

21.     Mr. Davis climbed onto the Davis Ladder and began to work stringing lights near his roof.  Within minutes, Mr. Davis heard sounds coming from the ladder and the Davis Ladder collapsed.  As a result, Mr. Davis fell to the ground and suffered severe injuries.

22.     Mr. Davis was airlifted to a trauma hospital for treatment and was ultimately diagnosed with a traumatic brain injury, which he still suffers with today.  His injuries as a result of the fall are permanent.

## COUNT I
## STRICT LIABILITY – MANUFACTURING DEFECT

23.     Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

24. Defendant manufactured and placed into commerce the Davis Ladder, that was sold to Mr. Davis.

25. The Davis Ladder reached Mr. Davis in substantially the same manner in which it was placed into commerce by Defendant and was not modified or changed before, during and after the time Mr. Davis received it.

26. The Davis Ladder was defective and unreasonably dangerous as a result of manufacturing defects, which proximately caused Mr. Davis's injuries. Specifically, the Davis Ladder features defective locking pins that cause the ladder to collapse.  As a result, the ladder was different from its intended design and failed to perform as safely as the intended design would have performed.

27. Defendant was aware of the defect but continued to sell the Davis Ladder.

28. Plaintiffs have been injured by the manufacturing defect in the manner described in detail below.

## COUNT II
## STRICT LIABILITY – DESIGN DEFECT

29. Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

30. Defendant designed and placed into commerce the Davis Ladder, that Defendant sold to Mr. Davis.

31. The Davis Ladder was expected to and did reach Mr. Davis in substantially the same manner in which it was placed into commerce by Defendant and was not modified or changed before, during or after the time Mr. Davis received it.

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

32.     The Davis Ladder was defective and unreasonably dangerous as a result of manufacturing defects, which proximately caused Mr. Davis's injuries. Specifically, the Davis Ladder features defective locking pins that cause the ladder to collapse.  As a result, the ladder failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by Defendant.

33.     Defendant was aware of the design defect but continued to sell the Davis Ladder.

34.     Plaintiffs have been injured by the manufacturing defect in the manner described in detail below.

## COUNT III
## STRICT LIABILITY – FAILURE TO WARN

35.     Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

36.     Defendant designed, manufactured, marketed and sold the Davis Ladder to Mr. Davis.

37.     The Davis Ladder was defective and unreasonably dangerous as a result of design and manufacturing defects, which proximately caused Mr. Davis's injuries. Specifically, the Davis Ladder features defective locking pins that causes the ladder to collapse.  As a result, the ladder failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by Defendant.

38.     The Davis Ladder posed a foreseeable risk of harm to consumers, including Mr. Davis, that could have been reduced or avoided by providing reasonable instructions or warnings.   In fact, Defendant knew that the Davis Ladder was unreasonably dangerous because it had been subject to a recall by the CPSC.  Accordingly, Defendant Wing was barred from selling the ladder, though it did so anyway.

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

39.     Defendant sold the Davis Ladder to Mr. Davis without providing him any warning as to its defects or the risk of harm, which had been identified by the CPSC.

40.     Plaintiffs have been injured by the failure to warn in the manner described in detail below.

## COUNT IV
## NEGLIGENCE

41.     Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

42.     Defendant, as the designer, manufacturer, distributor, and seller of the Davis Ladder, owed to Mr. Davis, and other consumers, the duty to exercise reasonable care in the design, manufacture, distribution and sale of the Davis Ladder and to ensure that the Davis Ladder was safe for use by its intended users and those persons who may foreseeably come into close proximity to it, such as Mr. Davis.

43.     At all times material, Defendant failed to exercise reasonable care under the circumstances in designing the product, including not properly considering or addressing the defective locking pins that caused the Davis Ladder to collapse.

44.     In fact, Defendant knew that the Davis Ladder was unreasonably dangerous because it had been subject to a recall by the CPSC.

45.     Mr. Davis was unaware and had no reason to be aware of the fact that the Davis Ladder was defective and dangerous, and had been recalled by the CPSC, nor were the defects in the ladder apparent by reasonable inspection.

46.     As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered the damages listed below.

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

## COUNT V
## NEGLIGENCE—FAILURE TO WARN

47.     Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

48.     Defendant, as the designer, manufacturer, distributor, and seller of the Davis Ladder, owed to Mr. Davis, and other consumers, the duty to exercise reasonable care in the design, manufacture, distribution and sale of the Davis Ladder and to ensure that the Davis Ladder was safe for use by its intended users, and to give appropriate warnings to such users of any particular risks about which the Defendant knew or should have known were involved in the reasonably foreseeable use of the ladder.

49.     Defendant failed to exercise reasonable care under the circumstances in failing to give consumers, including Mr. Davis, the appropriate warnings regarding the defective locking pins that caused the Davis Ladder to collapse, and to notify consumers regarding the CPSC recall of that product.

50.     In fact, Defendant knew that the Davis Ladder was unreasonably dangerous because it had been subject to a recall by the CPSC.

51.     Mr. Davis was unaware and had no reason to be aware of the fact that the Davis Ladder was defective and dangerous, and had been recalled by the CPSC, nor were the defects in the ladder apparent by reasonable inspection.

52.     As a direct and proximate result of Defendant's failure to give appropriate warnings regarding the Davis Ladder, the Plaintiffs have suffered the damages listed below.

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

## COUNT VI
## VIOLATION OF 15 U.S.C. § 2072(a), CONSUMER PRODUCT SAFETY ACT

53.     Plaintiffs adopt and reallege the previous paragraphs as though fully set forth herein, and further allege:

54.     Mr. Davis sustained a serious injury because Defendant sold to him a defective and dangerous product that had been banned by the CPSC, in violation of 15 U.S.C. § 2072(a).

55.     The Davis Ladder, as with all "Velocity-Model 22," ladders with SKU 15422-001, and date codes 11262P, was subject to the voluntary recall announced by the CPSC on March 23, 2017.

56.     Under 15 U.S.C. § 2068, Defendant was required to honor the recall alert issued by the CPSC.  Yet, Defendant knowingly sold the Davis Ladder to Mr. Davis in September 2018, more than a year later.

57.     The sale of a product subject to a voluntary corrective action, such as a recall, constitutes a clear violation of the consumer product safety rule prohibiting the sale of such recalled products.  *See* 15 U.S.C. § 2068(a).  Additionally, Mr. Davis was injured because of and by reason of Defendant's violation of this rule.

58.     Plaintiffs are entitled to recover the damages to which they are entitled under the Consumer Product Safety Act, including the costs of this suit and attorneys' fees, pursuant to 15 U.S.C. § 2068.

## DAMAGES CLAIMED COMMON TO ALL COUNTS

## DAMAGES CLAIMED BY PLAINTIFF CRAIG L. DAVIS

59.     Plaintiff Craig Davis has incurred and will continue to incur the following damages, which are permanent or continuing in nature:

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

a.      Bodily injury;

b.      Pain and suffering;

c.      Disability;

d.      Disfigurement;

e.      Loss of the capacity for the enjoyment of life;

f.      Medical and hospital care and expenses;

g.      Loss of earnings in the past;

h.      Loss of earning capacity in the future;

i.      Rehabilitation expenses; and

j.      All other damages allowable as a matter of law.

**WHEREFORE**, Plaintiff Craig Davis demands judgment for all damages and recoverable under law, as well as post-judgment interest, the costs and fees of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

### DAMAGES CLAIMED BY PLAINTIFF YVONNE M. DAVIS

60.     As a direct and proximate result of the conduct of Defendant, which caused injury to Craig Davis, Yvonne Davis has, in the past, and will in the future, continue to suffer the loss of consortium of her husband, has suffered the loss of his services, comfort, society, and attentions, and has become indebted for his medical expenses in the past and in the future.

**WHEREFORE**, the Plaintiff Yvonne Davis demands judgement against Defendant Wing for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs.

### DEMAND FOR JURY TRIAL

61. Plaintiffs hereby demand a jury trial for all claims so triable.

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

Dated this 25th day of October, 2019.

GROSSMAN ROTH YAFFA COHEN, P.A.
Attorneys for Plaintiffs
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, Florida  33134
Tel.:  (305) 442-8666
Fax:  (305) 285-1668
E-Mail:       aby@grossmanroth.com
              rwf@grossmanroth.com

By:   /s/ Rachel W. Furst
      RACHEL W. FURST
      Fla. Bar No.: 45155
      ANDREW B. YAFFA
      Fla. Bar No.:  897310

Law Offices Grossman Roth Yaffa Cohen, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668