UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRAIG L. DAVIS and YVONNE M. DAVIS,

    Plaintiffs,

v.      Case No.: 2:19-cv-780-SPC-NPM

LITTLE GIANT LADDER SYSTEMS, LLC,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Little Giant Ladder Systems, LLC's Motion to Strike (Doc. 174). Plaintiffs Craig and Yvonne Davis responded in opposition (Doc. 179). Little Giant seeks to strike some supplemental expert reports. Alternatively, it asks the Court to continue trial and reopen damages discovery to a limited extent.

In February 2021, the Davises timely exchanged their expert reports. Little Giant does not challenge those disclosures. Rather, it contends certain

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

reports experts supplemented in April 2022 were improper. This disagreement concerns damages experts.

The parties' original (extended) discovery deadline was April 2021. But they had a laundry list of pleading and discovery disputes. Judge Mizell resolved the outstanding issues in thorough Orders and now perhaps knows more about Rock Locks than he ever hoped. (Docs. 79; 130; 137). In part, the discovery disputes revolved around supplementing liability experts (who are not at issue here). After ruling on the motions, Judge Mizell reopened discovery to a limited extent. That new discovery deadline was late November 2021. Later, the parties filed summary judgment—accompanied by *Daubert* motions on the liability experts—on which the Court ruled.

Despite all its involvement, the Court never really touched on the damages experts. But while Judge Mizell sifted through myriad discovery disputes, the Court halted all discovery (likely including supplementation) absent consent or leave. (Doc. 125 ("The discovery period has closed, and no further discovery will be pursued without consent or leave. Further discovery may be permitted based on the forthcoming resolution of the pending discovery motions.")). According to the Davises, the parties agreed (or at least discussed) to continue expert discovery after the November 2021 deadline. While not recommended, this is allowed. M.D. Fla. Handbook on Civil Discovery § I.F. ("Counsel, by agreement, may conduct discovery after the formal completion

2

date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

The Court need not wade into the nitty-gritty of the parties' latest discovery dispute. The Davises are right that much of the challenged supplementation was simply damages experts updating their opinions to account for developments during a substantial delay. This lapse in time was largely attributable to the parties' earlier disputes. And the bottom-line opinions of these experts do not change much, except to include updates for Craig's current medical condition. In other words, much of Little Giant's attack falls short as it seems many updates are true supplementation.

As a general matter, parties may supplement to update damages calculations. *See, e.g.*, *Wolf v. McCulley Marine Servs., Inc.*, No. 8:10-cv-2725-T-30TGW, 2012 WL 4903328, at *1 (M.D. Fla. Oct. 16, 2012) (supplementing expert reports with figures on past and future medical expenses allowed); *Redstone M&A Grp., LLC v. LaSalle Cap. Grp. II-A, L.P.*, No. 1:18-CV-3659-AT, 2020 WL 9813533, at *3-4 (N.D. Ga. Dec. 29, 2020); *Fletcher v. Great Am. Ins.*, No. 3:09-cv-324-J-25JRK, 2010 WL 11507486, at *4-5 (M.D. Fla. Sept. 7, 2010). But parties cannot lie in wait, submitting new expert opinions after the deadline under the guise of supplementation. *E.g.*, *Bell v. Guardian Auto. Corp.*, No. 1:15-CV-01350-ELR, 2021 WL 3017987, at *3-4 (N.D. Ga. Jan. 21, 2021). True supplemental reports are due thirty days before trial (unless the

3

Court sets another date). Fed. R. Civ. P. 26(e)(2); *Fletcher*, 2010 WL 11507486, at *4-5. Considering these facts, the Court finds these supplements were timely and the bulk of them proper.

That said, the Court cannot conclude this supplementation was perfect and no more discovery is necessary. On things like records and new diagnoses, the parties vigorously dispute who knew what and when. Exacerbating the problem, the parties fail to address what specific differences mean. This leaves the Court guessing at whether there are real, significant differences in medical conditions. For instance, Little Giant challenges one supplement for adding new diagnoses. That expert's "Diagnostic Impressions" shifted from only "Diffuse traumatic brain injury with loss of consciousness" ("TBI") to TBI along with "Mild Cognitive Impairment due to TBI." (Doc. 179 at 46, 69). Yet the original report addressing only TBI includes medical history detailing Craig's mild cognitive impairments at length. So without some explanation of things like this from Little Giant, the Court struggles to see how it can conclude the Davises violated Rule 26 warranting Rule 37 exclusion.

Here's what we will do. The Court denies the request to strike and grants the alternative petition to continue trial and reopen damages discovery on a limited basis. The parties have another sixty days to complete any necessary discovery related to the Davises' supplemental expert reports at issue in the briefing on this Motion. This may include—but is not necessarily

4

limited to—depositions (which the Davises apparently offered already), examination, and Little Giant's rebuttal or supplemental reports on these issues. No discovery on other matters will be allowed during this period unless the parties seek Court leave (i.e., there will be no more discussions between the parties about maybe conducting out-of-time discovery).

It is only fair to warn the parties that (by now) the Court will be loath to grant any additional extensions of time. Nor does the Court expect any more motion practice on discovery. Respected, capable counsel represent each party. The Court expects the lawyers to finish the remaining discovery smoothly and without incident.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Strike Plaintiffs' Untimely Supplemental Reports from Their Damages Experts, or, in the alternative, Motion to Re-Open Damages Discovery and Continue the Trial Date (Doc. 174) is **GRANTED and DENIED in part**.

    a. The Motion to Strike is **DENIED**.

    b. The Motion to Re-Open Damages Discovery and Continue the Trial Date is **GRANTED**.

    c. The parties have **until July 11, 2022**, to finish all damages discovery discussed above.

2. The Court will enter a separate scheduling order under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record