UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRAIG L. DAVIS and YVONNE M. DAVIS,

    Plaintiffs,

v.       Case No.: 2:19-cv-780-SPC-NPM

LITTLE GIANT LADDER SYSTEMS, LLC,

    Defendant.
_____/

# ORDER[1]

Before the Court is Plaintiffs' Emergency Motion for Sanctions (Doc. 249). Defendant responded in opposition (Doc. 253), to which Plaintiffs replied (Doc. 259). At the Final Pretrial Conference, the Court orally denied the Motion. There were two main reasons for that ruling: (1) the Medellin incident was not substantially similar and (2) any probative value of the incident would be substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. Given time constraints, the Court did not have the chance to explain and memorialize the ruling. It does so here for the record.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

First, the Medellin incident was not substantially similar for many of the same reasons why the Rhead incident was not substantially similar. The Court granted a motion in limine on that incident. There were two primary reasons why the Court granted the Rhead motion: (1) the events preceding the ladder collapses were entirely different and (2) the undisputed evidence showed the upper Rock Lock was fully engaged. As to the Medellin incident, the same rationale applies.

The facts preceding the Medellin incident differ: (1) she had been up and down the ladder that day; (2) she changed the ladder height multiple times while hanging lights; (3) she climbed up and down the ladder once at the relevant setting without incident before it fell; (4) she extended the ladder in the appropriate manner from the ground rather than walking it back every time; and (5) she apparently set up the ladder angle by eye-balling the angle (based on her experience) instead of using the recommended test. None of this considers the other differences between the incidents—Medellin's driveway was covered in leaves; the concrete driveway appears to have no coating; and the driveway slope may differ. Given all these differences, the incidents were not substantially similar.

Moreover, the only record evidence suggests Medellin's Rock Locks were fully engaged. Both Medellin and her grandson testified to checking and double checking the Rock Locks. What's more, they emphasized how cautious

Medellin was with ladders. That day, Medellin was instructing her grandson how to safely use a ladder (slowly walking him step-by-step through the process and explaining the details). Also, there were two people checking the Rock Locks—Medellin and her grandson. So two witnesses carefully ensured the Rock Locks were secure. In other words, the incidents were not substantially similar.

And second, even if the incidents were substantially similar, any probative value of the incident would be substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. By allowing this testimony, the Court would open the floodgates to holding a trial within a trial. The parties would inevitably—and likely vigorously—dispute causation in the Medellin incident. But this is not a trial to figure out what happened to Medellin's ladder. We're here to determine what caused Davis' injury. Davis has expert witnesses capable of explaining causation and other liability issues. So any probative value of the Medellin incident is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. As the Court and parties have clarified, this case will be tried on design and manufacturing defects in Davis' ladder—not some other one.

For all those reasons, the Court denies Plaintiffs' Motion for the purposes of trial and the specific sanctions sought.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Emergency Motion for Sanctions (Doc. 249) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 7, 2022.

*[Signature]*

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record